## JOSEPH HAGAN *vs.* DAN RILEY.

For breach of an agreement, for good consideration, to withdraw a suit, nominal damages may be recovered, without proof of actual damage.

*It seems,* that, in an action for breach of an agreement to withdraw another action, the costs of the defendant in that action, if paid by the plaintiff in this, at any time before ver dict, may be recovered.

ACTION OF CONTRACT for the breach of an agreement in writing, by which the defendant, for a valuable consideration, promised to withdraw an action commenced by him against a constable for attaching certain of his property, (which he claimed to be exempted from all attachment,) in a former action brought by the plaintiff against the defendant. The breach relied on was, that the defendant did not withdraw his action, but entered it in court.

The plaintiff claimed damages for costs and expenses which, he alleged, he was liable to pay the constable, to whom he had given a bond of indemnity. It did not appear that the constable had ever made a demand on the plaintiff to pay him any costs or expenses, in consequence of the entry of the action in court, or that the plaintiff had paid him anything on account of the same; but it appeared that the constable had been put to costs and expenses, amounting in the whole to the sum of about forty dollars, on account of said entry, which he claimed of the plaintiff, and for the payment of which the bond had been given.

Upon this case, in the court of common pleas, at December term 1858, *Mellen,* C. J. instructed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*S. A. Burgess,* for the plaintiff, cited 2 Greenl. Ev. §§ 254, 268, & note; *Preble* v. *Baldwin,* 6 Cush. 557; *Dwinel* v. *Barnard,* 32 Maine, 116; *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241; *Whipple* v. *Cumberland Manuf. Co.* 2 Story R. 661; *Whittemore* v. *Cutter,* 1 Gallis. 433; *Billings* v. *Vanderbeck,* 23 Barb. 554.

*P. P. Todd,* for the defendants, cited *Hussey* v. *Collins,* 30 Maine, 190; *Gardner* v. *Cleveland,* 9 Pick. 336; *Pond* v. *Warner,* 2 Verm. 532; *Morrison* v. *Berkey,* 7 S. & R. 238; *Reynolds* v. *Magness,* 2 Ired. 26; *Brown* v. *Spann,* 3 Hill (S. C.) 324; *Wyman* v. *Gilchrist,* 1 Comst. 562.

SHAW, C. J. The judge, at the trial, seems to us to have taken a wrong view of the nature and legal effect of this contract. The promise of the defendant was to withdraw his suit against the officer — an act which the plaintiff had an interest in having done. He did not withdraw it, and consequently the promise was broken. He is entitled to a verdict for nominal damages for the breach, if nothing more. For every breach of a promise made on good consideration, the law awards some damage.

The court are inclined to the opinion that if the plaintiff had paid the officer his costs, he might recover it in this suit, as incidental damages; and that they may still be recovered, provided they are paid at any time before damages are assessed in this action. The breach of promise to withdraw that action is the gist of this action, and all damages, necessarily resulting therefrom, sustained by the promisee up to the time of the assessment of damages, may be properly embraced in such assessment. It was not a mere contract of indemnity; it was a contract to do something beneficial to the plaintiff, the failure to do which necessarily subjected the plaintiff to loss. For that loss, when actually incurred, the defendant is liable.

*Exceptions sustained.*